# EXHIBIT C

EXHIBIT C - PAGE 040

Jennifer A. Kearns (SBN 125588)
Meredith P. Grant (SBN 305129)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile:  619 744 2201
E-mail:  jkearns@duanemorris.com
         mpgrant@duanemorris.com

Attorneys for Defendant
Digital Intelligence Systems, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BERNARDO BUCHSBAUM, Individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>     v.<br><br>DIGITAL INTELLIGENCE SYSTEMS, LLC, a Delaware limited liability company; T-MOBILE USA, INC. a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 37-2020-00012175-CU-OE-CTL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br>Judge:  Ronald F. Frazier<br>Dept.   C-65<br><br>Complaint Filed: March 4, 2020 |

Defendant Digital Intelligence Systems, LLC. ("Defendant") answers the unverified Complaint of plaintiff Bernardo Buchsbaum as follows:

**GENERAL DENIAL**

1.     Defendant generally denies the material allegations in each of the causes of action asserted in Plaintiff's Complaint pursuant to California Code of Civil Procedure section 431.30(d).  Defendant further denies that any of Plaintiff's rights or the rights of the putative class members were violated, or that they have suffered any

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**EXHIBIT C - PAGE 041**

damages as a consequence of Defendant's actions. Defendant also denies that Plaintiff and the putative class members are entitled to any legal or equitable relief.

## AFFIRMATIVE DEFENSES

2. Defendant, without admitting any of the allegations in Plaintiff's Complaint, sets forth below its separate and independent affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended to nor shall be interpreted as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's Complaint.

3. Defendant expressly denies the existence of the putative class which Plaintiff purports to represent in this matter. Defendant incorporates (as if fully set forth therein) this express denial into each affirmative defense set forth herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

4. The Complaint, and each purported cause of action contained therein, is barred because it fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

5. Plaintiff's claims and those of putative class members are barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

6. By reason of the acts and omissions of Plaintiff and putative class members, Plaintiff and putative class members are estopped from entitlement to any recovery in accordance with Section 3517 of the California Civil Code, which states that no one can take advantage of his or her own wrong.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

7. Plaintiff's claims and those of putative class members are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. Defendant alleges that Plaintiff and the putative class members are barred, in whole or in part, from any affirmative recovery by reason of their own unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

9. Plaintiff's claims and those of some or all of the putative class members are barred, in whole or in part, because Plaintiff and the putative class members ratified, consented to or acquiesced to Defendant's acts or omissions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful)

10. Plaintiff's claims and those of the putative class members are barred, in whole or in part, because Defendant has at all times acted in good faith, in conformity with and in reliance on statute, common law and the written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of courts and governmental agencies, and on the basis of a good faith and reasonable belief that Defendant had complied fully with applicable laws.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

11. Defendant's actions respecting the subject matters alleged in Plaintiff's Complaint, and each of them, were undertaken in good faith, for legitimate business reasons and without any unlawful intentions and constituted lawful, proper, and justified means to further their sole purpose of engaging in and continuing its business.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12. To the extent Plaintiff or the putative class members have suffered any damages, which Defendant expressly denies, Plaintiff and putative class members have failed, refused, or neglected to mitigate or avoid the damages sustained. By reason of the foregoing, Plaintiff and putative class members are barred, in whole or in part, from recovering damages from Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

13. The Complaint and each and every purported claim for relief alleged therein are barred because any recovery from Defendant would result in the unjust enrichment of Plaintiff and/or putative class members.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Release of Claims)

14. The action is barred to the extent Plaintiff and/or putative class members have released, settled, and/or discharged Defendant from any actionable claims.

## TWELFTH AFFIRMATIVE DEFENSE
### (Good Faith Dispute)

15. Without conceding that there are any wages and/or monies due, Defendant alleges that there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Derivative Claims)

16. Plaintiffs' First, Second, Seventh and Ninth Causes of Action are dependent upon the viability of the other Causes of Action alleged in the Complaint, and as derivative claims, must fail if the underlying Causes of Action fail.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

17. Defendant alleges that Defendant's discovery and investigation in this matter are ongoing. Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

a. That Plaintiff's Complaint and all claims therein be dismissed with prejudice;

b. That Plaintiff and the putative class members take nothing by virtue of this action;

c. For costs of suit incurred herein, including attorneys' fees;

d. For an order of this Court denying all relief sought by Plaintiff herein; and

e. For such other and further relief as this Court may deem just and proper.

Dated: April 9, 2020　　　　　　　　**DUANE MORRIS** LLP

By: *Jennifer A. Kearns*
Jennifer A. Kearns
Meredith P. Grant
Attorneys for Defendant Digital Intelligence Systems, LLC

Jennifer A. Kearns (SBN 125588)
Meredith P. Grant (SBN 305129)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619 744 2200
Facsimile:  619 744 2201
E-mail: jakearns@duanemorris.com
        mpgrant@duanemorris.com

Attorneys for Defendants
Digital Intelligence Systems, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| BERNARDO BUCHSBAUM, Individually and on behalf of all others similarly situated, | Case No. 37-2020-00012175-CU-OE-CTL |
| Plaintiffs, | |
| v. | **PROOF OF SERVICE** |
| DIGITAL INTELLIGENCE SYSTEMS, LLC, a Delaware limited liability company; T-MOBILE USA, INC. a Delaware corporation; and DOES 1 through 50, inclusive, | Judge:  Ronald F. Frazier |
| Defendants. | Dept.   C-65<br>Complaint Filed:   March 4, 2020 |

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is **750 B Street, Suite 2900, San Diego, CA 92101.**

On **April 9, 2020,** I served the documents described as:

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

PROOF OF SERVICE

**EXHIBIT C - PAGE 046**

**on all counsel listed below by the following means:**

| | |
|---|---|
| Jonathan M. Lebe<br>Zachary Gershamn<br>**LEBE LAW, APLC**<br>777 S. Alameda Street, Second Floor<br>Los Angeles, CA 90021<br>Telephone: (213) 358-7046<br>Email:  Jon@lebelaw.com<br>           Zachary@lebelaw.com | Attorneys for Plaintiff BERNARDO BUCHSBAUM |
| LarryW. Lee<br>Mai Tulyathan<br>Olympia Pena<br>Erika Mejia<br>DIVERSITY LAW GROUP, A P.C.<br>515 S. Figueroa Street, Suite 1250<br>Los Angeles, CA 90071<br>Telephone:  (213) 488-6555<br>Emails:  Lwlee@diversitylaw.com<br>            Ktulyathan@diversitylaw.com<br>            Olympia@diversitylaw.com<br>            erika@diversitylaw.com | Attorneys for Plaintiff BERNARDO BUCHSBAUM |

☐ **(BY PERSONAL SERVICE) [C.C.P. § 1011]**  I caused to be delivered such envelope by hand via messenger service, First Legal Network, to the parties listed above and left the envelope with the party, the receptionist or person in charge thereof between the hours of 9:00 a.m. and 5:00 p.m.

☐ **(BY MAIL) [C.C.P. § 1013(a)(3) Business Practice to Entrust Deposit to Others]**  I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business.  I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  I am aware that, on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **(BY FACSIMILE] [C.C.P. § 1013(e), (f)]**  I caused a true copy of the document(s) to be transmitted via facsimile to a facsimile machine maintained by the person on whom the document(s) is served.  Facsimile service has been agreed upon by the parties.  I am aware that the service is complete at the time of transmission, but any period of notice shall be extended after service by facsimile transmission by two <u>court</u> days.

☐ **(BY FEDEX) [C.C.P. § 1013(c)]** I deposited such envelope in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by this express service carrier to receive documents in an envelope or other package designated by this express service carrier, with delivery fees paid or provided for.

☒ **(BY ELECTRONIC MAIL):** ) I attached a true and correct copy of the above-entitled document(s) to the email sent to each of the listed counsel in the email address noted above.

☐ **(BY ELECTRONIC SERVICE):** I attached a true and correct copy of the above-entitled document(s) to the Lexis/Nexis website Court service system.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **April 9, 2020**, at San Diego, California.

*Anita D. La Fuze*
Anita D. La Fuze

3
PROOF OF SERVICE

**EXHIBIT C - PAGE 048**