**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BERNARDO BUCHSBAUM, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIGITAL INTELLIGENCE SYSTEMS, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-00706-BAS-AGS<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR DISMISSAL AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(ECF No. 28)** |

Plaintiff Bernardo Buchsbaum requests dismissal of this action without prejudice due to this Court's December 2, 2020 order granting Defendant Digital Intelligence Systems, LLC's Motion to Compel Arbitration, staying the action, and administratively closing the case. (ECF No. 27.) Defendant has filed a Notice of Non-Opposition to Plaintiff's request.[1] (ECF No. 30.)

Because Defendant has filed an Answer to Plaintiff's Complaint in this case, dismissal is governed by Federal Rule of Civil Procedure 41(a)(2), which provides that an action may only be dismissed at a plaintiff's request by court order "on terms that the court considers proper." The purpose of this rule "is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected

---

[1] Digital Intelligence Systems, LLC is the only remaining defendant in this action.

- 1 -

by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982) ("The very purpose of Rule 41(a)(2) is to allow a District Court, in its discretion, to dismiss an action without prejudice even after responsive pleadings have been filed by the defendant."). "In exercising its discretion, the Court must make three separate determinations: (1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (citation omitted), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).[2]

Under the first prong, the Court "must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton*, 679 F.2d at 145. Defendant's non-opposition to the dismissal vitiates any concern the Court may have regarding prejudice. Similarly, as to the second prong, Plaintiff has requested dismissal without prejudice and Defendant does not oppose this request. Thus, the Court finds dismissal without prejudice appropriate.

Third, the Court finds no terms or conditions need be imposed on the dismissal. "Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2)," the Ninth Circuit has held that ordering payment of costs and attorney fees is not a prerequisite to granting voluntary dismissal without prejudice under this provision. *Stevedoring Servs. of Am.*, 889 F.2d at

---

[2] Where class actions are concerned, Federal Rule of Civil Procedure 23(e) requires court approval for the voluntary dismissal of claims of a certified class "or a class proposed to be certified for purposes of settlement[.]" In the Court's order granting Defendant's motion to compel the arbitration agreement between the parties, the Court found enforceable the arbitration agreement's class action waiver. (ECF No. 27.) As such, there are no viable class claims remaining in this action that are subject to dismissal. In any event, Rule 23(e) does not apply where dismissal occurs before class certification. *See* Fed. R. Civ. P. 23 advisory committee notes to Subdivision (e), Paragraph (1) ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."); *see also Valenzuela v. Mauser USA, LLC*, No. 1:20-CV-00094-NONE-SAB, 2021 WL 916412, at *1 (E.D. Cal. Mar. 10, 2021).

921.  Although the Court ultimately found in Defendant's favor on the issue of arbitration, Plaintiff raised legitimate claims and, as such, the Court does not find the imposition of fees and costs necessary here.  *See id.* at 922 (finding that where a plaintiff raised a substantial legal question that, upon adverse determination, was dispositive of the action, dismissal without prejudice was appropriate without payment of attorney's fees); *see also Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 494 (9th Cir. 2017) (unpublished) (finding no abuse of discretion where district court declined to award costs and fees after considering "the legitimate factor of the merit of the Plaintiffs' claims").

Accordingly, the Court **LIFTS** the stay, **GRANTS** Plaintiff's request for dismissal under Rule 41(a)(2) and **DISMISSES WITHOUT PREJUDICE** this action.  Each party shall bear its own costs and attorney fees.  The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: July 6, 2021**

Hon. Cynthia Bashant
United States District Judge